IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0573 |
| | § | |
| PATRICK MEDLOCK, *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe,[1] a former inmate in the Texas Department of Criminal Justice ("TDCJ"), filed suit on July 17, 2009,[2] alleging violations of his civil rights by Brad Livingston, Thomas O'Reilly, Patrick Medlock, FNU McVey, and Michael Cunningham while in TDCJ custody. Plaintiff proceeds *in forma pauperis* and is represented by counsel.

Pending before the Court is a motion to dismiss filed by defendants O'Reilly and Livingston. (Docket Entry No. 8.) Plaintiff filed a response in opposition (Docket Entry No. 14), to which defendants filed a counter-response (Docket Entry No. 18). Based on a review of the pleadings, the motion and responses, and the applicable law, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss, as follows.

---

[1]"John Doe" is a pseudonym. Plaintiff has not disclosed his real name due to the nature of this lawsuit.

[2]This case was transferred from the Austin Division and docketed with this Court on March 2, 2010.

*Background and Claims*

Plaintiff alleges that he was beaten and sexually assaulted by three TDCJ guards while in custody at the Huntsville Unit. Plaintiff sues the three TDCJ prison guards, Patrick Medlock, FNU McVey, and Michael Cunningham, and their supervisor, Thomas O'Reilly, in their individual capacities, seeking monetary damages. Plaintiff sues Brad Livingston in his official capacity as Executive Director of TDCJ, seeking declaratory and injunctive relief.

Proceeding under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Livingston and O'Reilly seek dismissal of plaintiff's claims against them. The three prison guards are not  parties to the motion to dismiss.

*Individual Liability Claims*

Plaintiff sues O'Reilly in his individual capacity for a failure to supervise, train, and discipline Medlock, McVay, and Cunningham. In his motion to dismiss, O'Reilly asserts that (1) he is shielded from plaintiff's claims by qualified immunity; and that (2) plaintiff's allegations amount to an assertion of vicarious liability, which is not allowed in section 1983 litigation. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Thompson v. Steele*, 709 F.3d 381, 382 (5th Cir. 1983).

A.      *Qualified Immunity*

Qualified immunity protects government employees from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"[A] public official is entitled to qualified immunity unless a plaintiff demonstrates (1) a violation of a constitutional right and (2) that the right at issue was clearly established at the time of the violation." *DePree v. Saunders*, 588 F.3d 282, 287 (5th Cir. 2009). In considering whether the right at issue was clearly established at the time of the violation, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

In the instant case, plaintiff alleges that O'Reilly knew that his subordinates, Medlock, McVay, and Cunningham, had previously abused prisoners. Plaintiff also alleges that although O'Reilly knew this, he did not properly train or discipline the guards and, to the contrary, actually promoted Medlock. The Court considers these allegations through the lens of whether "the official's conduct was *objectively* reasonable under clearly established law existing *at the time of the incident*." *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001) (emphasis in original). Accepting Plaintiff's factual allegations as true, this Court cannot conclude at this time that O'Reilly's actions were objectively reasonable, and thus he is not entitled to qualified immunity. Defendants' motion to dismiss is DENIED as to this issue.

B.      *Failure to Train and Supervise*

In his response to the motion to dismiss, plaintiff asserts that his claims against O'Reilly are based on a theory of direct liability for supervisors where there is an affirmative link between subordinate misconduct and supervisor inaction, citing *Southard v. Tex. Bd. of*

*Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997).  He claims that, even if a supervisor is

not involved personally, the supervisor may still be liable if:  (1) he failed to train or

supervise the officers involved in the unconstitutional act; (2) there is a causal connection

between the alleged failure to supervise or train and the alleged violation of the plaintiff's

rights; and (3) the failure to train or supervise constituted deliberate indifference to the

plaintiff's constitutional rights.  *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir.

2001).

Under Federal Rule of Civil Procedure 12(b)(6), a claim should not be dismissed

unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible

set of facts that support the claim and would justify relief.  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555-56 (2007).  This analysis is generally confined to a review of the

complaint and its proper attachments. *Financial Acquisition Partners v. Blackwell*, 440 F.3d

278, 286 (5th Cir. 2006).  The federal court accepts all well-pleaded facts as true and views

them in the light most favorable to the plaintiff.  *Jones*, 188 F.3d at 324.

A careful review of the pleadings evinces that plaintiff did not allege *respondeat*

*superior* or vicarious liability against O'Reilly.  Rather, plaintiff alleges that O'Reilly failed

to properly supervise, train, and discipline Medlock, McVay, and Cunningham.  In his

original complaint, plaintiff also alleges that O'Reilly had knowledge that Medlock, McVay,

and Cuningham previously abused other prisoners in custody.  Plaintiff alleges that, had

O'Reilly properly trained, supervised, and disciplined the guards, Medlock would not have

been promoted and would not have had the requisite rank to access, and allow the other two guards to access, plaintiff's cell to commit the assaults.  (Docket Entry No. 14, p. 4). Accepting plaintiff's allegations as true, the Court DENIES defendants' motion to dismiss as to this issue.

*Official Liability Claims*

Plaintiff sues Livingston in his official capacity for injunctive and declaratory relief. Livingston argues that (1) he is entitled to qualified immunity; (2) plaintiff's request for injunctive relief is moot; and (3) plaintiff's request for declaratory relief must be dismissed because there is no actual controversy between the two parties.

A.     *Qualified Immunity*

As previously noted, qualified immunity protects government employees from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. 800 at 818 (1982).  While qualified immunity presumptively protects a defendant from damages claims, it does not shield a defendant from injunctive or declaratory relief. *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008).  Because plaintiff is suing Livingston in his official capacity for declaratory and injunctive relief, immunity does not shield Livingston from these claims.  Defendants' motion to dismiss is DENIED as to this issue.

B.      *Claim for Injunctive Relief*

Livingston argues that plaintiff's claims for injunctive relief are moot because plaintiff

is no longer in TDCJ custody.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

In response, plaintiff argues that his claim is not moot because he recently pleaded guilty to

new criminal charges and will be returned to prison at some point soon.

The mere fact that plaintiff may return to TDCJ custody in the future is too speculative

to warrant prospective injunctive relief at this time.  *Id*.  Plaintiff contends that there is a

"demonstrated probability" or a "reasonable expectation" of his return to custody, and that

the only requirement to preventing the mooting of his claim is "a reasonable likelihood of

repetition," such as the reasonable likelihood of his return to custody.  *See Oliver*, 276 F.3d

at 741.  That, however, is not the end of the inquiry.  In *Murphy v. Hunt*, the Supreme Court

held that

> [I]n the absence of a class action, the 'capable of repetition, yet evading
> review' doctrine was limited to the situation where two elements combined:
> (1) the challenged action was in its duration too short to be fully litigated prior
> to its cessation or expiration, and (2) there was a *reasonable expectation* that
> the same complaining party would be subjected to the *same action* again.

455 U.S. 478, 482 (1982) (emphasis added).  Moreover, in *Oliver*, the Fifth Circuit held that

to obtain injunctive relief, the plaintiff had to show either a demonstrated probability or a

reasonable expectation that he would be transferred or returned back to the facility that

allegedly violated his constitutional rights.  276 F.3d at 741.

Here, plaintiff makes no allegation that, upon his return to TDCJ custody, he will be exposed to these same three prison guards.  He merely alleges that he will again be incarcerated in a TDCJ facility.  Even if accepted as true, these allegations fail to meet the second prong of the standard set out in *Murphy* and *Oliver*.  Defendants' motion to dismiss plaintiff's request for prospective injunctive relief is GRANTED.

C.      *Claim for Declaratory Relief*

Livingston argues that plaintiff failed to state an actual controversy and therefore is not entitled to a declaratory judgment.  A declaratory judgment is not ripe for adjudication unless an actual controversy exists.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  Livingston argues that, because his lack of personal involvement in the assaults is undisputed, there is no actual controversy between the two parties.

Plaintiff, however, alleges that Livingston, as the Executive Director of TDCJ, is empowered to improve policies and training regarding corrections officers, and that the sexual assaults occurred because the other defendants were not properly trained and supervised.  (Docket Entry No. 14, p. 7).  In a motion to dismiss, the federal court must construe all factual allegations alleged in the complaint as true.  *Jones*, 188 F.3d at 324.  The court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.  *Twombly*, 550 U.S. at 561.

Accepting plaintiff's factual allegations as true results in the formation of an actual controversy, namely, whether the defendant officers were properly trained and supervised. Accordingly, defendants' motion to dismiss is DENIED as to this issue.

*Conclusion*

Defendants' motion to dismiss (Docket Entry No. 8) is GRANTED IN PART and DENIED IN PART, as follows:

(1)     Plaintiff's claims against O'Reilly are RETAINED.

(2)     Plaintiff's request for injunctive relief against Livingston is DISMISSED.

(3)     Plaintiff's request for declaratory relief against Livingston is RETAINED.

This is an INTERLOCUTORY ORDER.

The Clerk is to provide a copy of this order to all parties.

Singed at Houston, Texas, on March 17, 2010.

_____

Gray H. Miller
United States District Judge