IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN DOE,**  *Plaintiff*, | § § § | |
| v. | § § § § | CIVIL ACTION NO. H-10-0573 |
| **PATRICK MEDLOCK, et al**  *Defendants*. | § § | |

### DEFENDANT O'REILLY'S MOTION FOR PROTECTIVE ORDER

Defendant C. Thomas O'Reilly files this motion for protective order from discovery based upon his entitlement to qualified immunity and shows the following:

### Statement of the Case

Plaintiff claims that on July 16, 2007, while an inmate in the TDCJ-CID Huntsville Unit, he was raped by three correctional officers. Plaintiff brings suit under §1983 against Defendant O'Reilly, the warden of the Huntsville Unit, alleging that O'Reilly failured to supervise, discipline and train the officers who allegedly raped Plaintiff. There are no allegations that Defendant O'Reilly was present, or took part in the alleged rape. In accordance with the preferred Fifth Circuit procedure, Defendant O'Reilly has raised the defense of qualified immunity in his answer. He has also filed a Rule 7a Motion for Reply. Plaintiff has refused to voluntarily file a Rule 7a Reply. Plaintiff has directed discovery to Defendant O'Reilly. A copy of said discovery is marked "Exhibit A", attached to this pleading, and incorporated by reference as if fully set forth herein.

### Motion for Protective Order

Defendant O'Reilly moves for issuance of a protective order which would relieve him of the duty to respond to Plaintiff's pending discovery requests and any other discovery requests which may

be propounded to him. Defendant O'Reilly filed a motion for rule 7a reply on March 26, 2010, asserting that Plaintiff has failed to plead his complaint with enough specificity overcome Defendant O'Reilly's qualified immunity. Defendant O'Reilly asks this Court to grant a protective order staying discovery as to him until Plaintiff files a Rule 7a reply sufficient to overcome Defendant O'Reilly's defense of qualified immunity.

## Brief in Support

**1.   Defendant's Entitlement to Qualified Immunity is a Pending Issue**

Defendant O'Reilly has preserved his plea of qualified immunity in this suit by affirmatively asserting the defense in his answer. *See Estate of Sorrells v. City of Dallas,* 192 F.R.D. 203, 208 (N.D.Tex.2000).

**2.   A Court Ruling on the Qualified Immunity Defense Must Precede Discovery**

Qualified immunity is not merely a defense to liability but an immunity from suit. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). One of the purposes of qualified immunity is to protect public officials from "broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034, 3042 n.6, 97 L.Ed.2d 523 (1987). Hence, to ensure the utmost protection from broad-reaching discovery, qualified immunity should be treated as a threshold issue which acts as a bar to a court's ability to hear the petitioner's claim. *Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987); *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 411 (1982).

A plaintiff must demonstrate prior to discovery that his allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense. *Geter v. Fortenberry*,

849 F.2d 1550, 1553 (5th Cir. 1988). A court must first determine whether the actions allegedly taken by the defendants are actions which a reasonable official or officer could have believed lawful. *Anderson*, 483 U.S. at 646 n.6, 107 S.Ct. at 3042 n.6. If they are, then the defendant "is entitled to dismissal *prior to discovery*." *Id.* (emphasis added); *See also Wicks v. Mississippi State Employment Services,* 41 F.3d 991, 996 (5th Cir. 1995). As explained in Defendant O'Reilly's motion for a Rule 7a reply, Plaintiff's complaint against Defendant O'Reilly is too vague and filled with conclusory allegations to overcome the threshold pleading requirements demanded by a defense of qualified immunity.

In *Wicks*, the Fifth Circuit observed that, "the Supreme Court has held, however, that orders denying substantial claims of qualified immunity are immediately appealable under the collateral order doctrine...the most relevant being the protection from pretrial discovery." *Wicks* at 994. The Fifth Circuit held that because Plaintiff "failed to meet the threshold pleading requirements for either of his claims, we hold that any discovery by [plaintiff], even that limited in scope, is improper and immediately appealable as a denial of the benefits of the qualified immunity defense." *Wicks* at 996.

Before a Court should consider dismissal under Federal Rule 12, a defendant must affirmatively plead the defense of qualified immunity in his answer. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1993). Defendant O'Reilly has affirmatively pleaded qualified immunity in his answer. Next, the plaintiff should be given an opportunity to file a Rule 7a reply. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). Pending with this Court is Defendant O'Reilly's motion for 7a reply.

If the complaint and Rule 7a reply fail to allege sufficient facts to overcome the immunity defense, the defendant should promptly move for dismissal under Rule 12 to "resolve immunity

questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991); *Anderson* at 3042 n.6. Defendant O'Reilly anticipates filing a motion to dismiss under Rule 12 after Plaintiff files his Rule 7a reply unless Plaintiff is able to overcome the threshold pleading requirements of the defense of qualified immunity. If Plaintiff refuses to file a 7a reply, Defendant will move for dismissal under Rule 12, and if need be, take an interlocutory appeal.

Until the Court determines whether Plaintiff's pleadings have met the threshold pleading requirements of a suit where a defendant affirmatively pleads the defense of qualified immunity, this Court should stay discovery directed to Defendant O'Reilly. Accordingly, Defendant O'Reilly respectfully asks the Court to grant his motion for protective order and stay all discovery directed to him, and for any other relief to which he may be entitled.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**C. ANDREW WEBER**
First Assistant Attorney General

**DAVID S. MORALES**
Deputy Attorney General for Litigation

**DAVID A. TALBOT, JR.**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**DAVID A. HARRIS**
Assistant Attorney General
State Bar No. 09056800
Southern District No. 24467
*Lead Attorney in Charge*

        /s/PATRICK BREZIK
        PATRICK BREZIK
        Assistant Attorney General
        State Bar No. 24040573
        Southern District No. 38855
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        (512) 463-2080/(512) 495-9139 Fax

**ATTORNEYS FOR DEFENDANT O'REILLY**

### CERTIFICATE OF CONFERENCE

    **I,** Assistant Attorney General PATRICK BREZIK, representing Defendant O'Reilly, certify that I conferred with Plaintiff's attorney, Mr. Joseph Berra, on June 7, 2010 and June 8, 2010 regarding this motion for protective order. I proposed that Defendant O'Reilly's responses to Plaintiff's discovery requests be postponed until such time that the Court rules on Defendant O'Reilly's motion for a Rule 7a reply that is currently pending with the Court. Should the Court rule in favor of Defendant O'Reilly, discovery would be premature. Moreover, any delay in receiving Defendant O'Reilly's discovery responses would not harm Plaintiff. Plaintiff states that he is confident that the Court will deny Defendant O'Reilly's motion for a Rule 7a reply, and would therefore not consent to postpone discovery until after the Court makes its ruling.

        /s/PATRICK BREZIK
        PATRICK BREZIK
        Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, PATRICK BREZIK, Assistant General of Texas, certify that I have electronically submitted for filing, a true copy of the above in accordance with the Electronic Case Files System of the Southern District of Texas, on the 9TH day of June 2010.

/s/PATRICK BREZIK
PATRICK BREZIK
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, PATRICK BREZIK, Assistant Attorney General, certify that a true copy of the above **Defendant O'Reilly's Motion for Protective Order** has been served by placing same in the United States mail, on the 9th of June 2010, addressed to:

| *Attorney for Plaintiff* | *Attorneys for Defendants (via email)* |
|---|---|
| Scott Medlock | Seth Dennis |
| Joseph Berra | Bruce Garcia |
| Texas Civil Rights Project | Peter Plotts |
| 1405 Montopolis Drive | |
| Austin, TX 78741-3436 | |

/**s**/PATRICK BREZIK
PATRICK BREZIK
Assistant Attorney General