IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0573 |
| | § | |
| PATRICK MEDLOCK, *et al*, | § | |
| | § | |
|     *Defendants*. | § | |

# ORDER

Pending before the Court are the motion for a Rule 7(a) reply filed by defendants O'Reilly and Livingston (Docket Entry No. 40), plaintiff's response to the motion (Docket Entry No. 41), defendant O'Reilly's counter-reply (Docket Entry No. 42), and O'Reilly's motion for a protective order regarding discovery (Docket Entry No. 48).

In their motion for a Rule 7(a) reply, O'Reilly and Livingston assert that plaintiff fails to present non-conclusory factual allegations sufficient to overcome their entitlement to qualified immunity. In his motion for protective order, O'Reilly argues that plaintiff's discovery as to O'Reilly should be stayed until plaintiff files a Rule 7(a) reply.

Based on a review of the pleadings, the motions, the response, the counter-reply, and the applicable law, the Court GRANTS in part and DENIES in part in the motion for a Rule 7(a) reply, and GRANTS the motion for a protective order to the extent that, pending his

compliance with the Court's Rule 7(a) reply orders, plaintiff may undertake discovery limited to O'Reilly's entitlement to qualified immunity, as follows.

*Rule 7(a) Reply as to Defendant Livingston*

Because plaintiff seeks only declaratory relief against defendant Livingston in his official capacity, Livingston is not entitled to qualified immunity. *See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008). Accordingly, defendants' motion for a Rule 7(a) reply (Docket Entry No. 40) is DENIED as to defendant Livingston.

*Rule 7(a) Reply as to Defendant O'Reilly*

Plaintiff seeks compensatory and punitive damages against defendant O'Reilly in his individual capacity for deliberate indifference and failure to supervise and train the three correctional officers who allegedly sexually assaulted him. Defendant O'Reilly asserts entitlement to qualified immunity and requests that plaintiff be ordered to plead non-conclusory factual allegations of O'Reilly's personal involvement in the constitutional violations showing that his conduct was objectionably unreasonable. *See Pearson v. Callahan*, __U.S. __, 129 S. Ct. 808, 815-16 (2009). O'Reilly specifically argues that plaintiff must plead facts indicating that O'Reilly had prior knowledge of the three correctional officers' prior misconduct. (Docket Entry No. 40, pp. 5-6.)

In his complaint, plaintiff alleges in relevant part that,

Upon information and belief, Defendant O'Reilly was aware of Medlock, McVey and Cunningham's previous abuse of other prisoners in custody, and was deliberately indifferent to their violations of the Constitution. Medlock,

> in particular, was 'notorious' for abusing prisoners. Despite Medlock's prior history, on information and belief, O'Reilly promoted him to the position of sergeant. But for this promotion, Medlock would not have had the authority or ability to open [plaintiff's] cell door on the night of the assault.

(Docket Entry No. 5, pp. 5-6.) Defendant O'Reilly complains that, by alleging these facts "upon information and belief," plaintiff presents nothing more than conclusory allegations insufficient to overcome his entitlement to qualified immunity. Although plaintiff correctly responds that the Court already found his complaint sufficient to withstand O'Reilly's Rule 12(b)(6) motion to dismiss, qualified immunity had not been an issue at that time.

As shown above, plaintiff asserts that O'Reilly was aware of the defendant correctional officers' prior abuse of prisoners and that, despite this knowledge, promoted Medlock to a position that gave him direct access to enter plaintiff's cell the night of the assault. This sufficiently sets forth O'Reilly's personal involvement in the constitutional violations showing that his conduct was objectionably unreasonable. However, O'Reilly is entitled to have these allegations affirmatively pleaded. Plaintiff is ORDERED to replead affirmatively and without reliance on information and belief, his factual allegations against O'Reilly, within sixty days from date of this order.

Plaintiff does not, however, set forth any non-conclusory facts sufficient to overcome O'Reilly's claim of qualified immunity as to his alleged failure to supervise and train the correctional officers. In his complaint, plaintiff alleges in relevant part as follows:

3

> Upon information and belief, O'Reilly was deliberately indifferent to [plaintiff's] constitutional rights by failing to adequately supervise and train Medlock, McVey and Cunningham, causing [plaintiff's] permanent physical injuries.

*Id*. Accordingly, defendant O'Reilly is entitled to a Rule 7(a) reply regarding his entitlement to qualified immunity as to plaintiff's claims against him for failure to supervise and train. Plaintiff is ORDERED, within sixty days from date of this order, to file a Rule 7(a) reply establishing by non-conclusory facts (a) O'Reilly's failure to train and supervise and (b) the reasons why O'Reilly is not entitled to qualified immunity as to such claims.

*Motion for Protective Order*

O'Reilly requests that plaintiff be prohibited from undertaking any discovery until plaintiff complies with the Court's orders regarding a Rule 7(a) reply. (Docket Entry No. 48.) Plaintiff, on the other hand, requests that he be allowed discovery limited to the issue of O'Reilly's right to qualified immunity prior to complying with any Rule 7(a) order.

Plaintiff is entitled to pursue discovery, limited to O'Reilly's claim of qualified immunity, prior to complying with the Court's Rule 7(a) orders. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995). Accordingly, the motion for a protective order is GRANTED to the extent that, for purposes of complying with the Court's Rule 7(a) reply orders, plaintiff may undertake discovery limited to O'Reilly's factual entitlement to qualified immunity. This order does not limit plaintiff's undertaking discovery as to parties other than O'Reilly or to undertaking discovery by agreement.

4

*Conclusion*

The Court ORDERS as follows:

1. Defendants' motion for a Rule 7(a) reply is DENIED as to plaintiff's pending claims against defendant Livingston. (Docket Entry No. 40.)

2. Defendants' motion for a Rule 7(a) reply is GRANTED to the extent that Plaintiff is ORDERED to replead affirmatively without reliance upon information and belief, his factual allegations against O'Reilly, within 60 days from date of this order. (Docket Entry No. 40.)

3. Defendants' motion for a Rule 7(a) reply is FURTHER GRANTED as to plaintiff's pending claims against defendant O'Reilly for failure to train and supervise. (Docket Entry No. 40.) Plaintiff shall file the Rule 7(a) reply within 60 days from date of this order, establishing by non-conclusory facts (a) O'Reilly's failure to train and supervise and (b) the reasons why O'Reilly is not entitled to qualified immunity as to such claims.

4. Defendant O'Reilly's motion for protective order (Docket Entry No. 48) is GRANTED to the extent that, until plaintiff complies with the Court's Rule 7(a) reply orders, plaintiff may undertake discovery limited to O'Reilly's entitlement to qualified immunity. Plaintiff's discovery regarding other parties, or the parties' rights to undertake discovery by agreement, are not limited by this order.

This is an INTERLOCUTORY ORDER.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on June 30, 2010.

_____
Gray H. Miller
United States District Judge